UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-8364-CIV-HURLEY/LYNCH

JUAN ROMAGOZA ARCE,
NERIS GONZALEZ, and
CARLOS MAURICIO,

    Plaintiffs,

v.

JOSE GUILLERMO GARCIA, and
CARLOS EUGENIO VIDES CASANOVA,

    Defendants.

_____/



FILED by _____ D.C.

JUL 1 9 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# THE LAW

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions — what we call your deliberations.

## CONSIDERATION OF THE EVIDENCE-DUTY TO FOLLOW INSTRUCTIONS

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence — that is, the testimony of the witnesses and the exhibits I have admitted in the record — but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

2

## CREDIBILITY OF WITNESSES

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

## IMPEACHMENT OF WITNESSES

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not

3

necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## EXPERT WITNESSES

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## BURDEN OF PROOF

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, you should consider each claim separately;

but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

## DEPOSITIONS

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The deposition testimony taken under oath may have been  presented in writing, or by a video recording played on a television set. Such testimony is entitled to the same consideration, and is to be judged as to its credibility and weighed in the same way as if the witness had  testified  from the witness stand.

## CLAIMS IN THIS CASE

Although we have had one  trial,  this case is actually a composite of three  separate cases. Each plaintiff is  pursuing an individual claim for  monetary damages grounded on the allegation that the plaintiff  was a victim of  torture and  that one or both of the defendants is responsible under the doctrine of command responsibility.    I want you to know that federal law permits claims of this nature to be brought in federal district courts.

5

Let me now review each of the claims before you.   First, there is  the  claim of Doctor Romagoza,  who brings claims against both General Garcia and General Vides for torture (December 12, 1980 and after).   Second, there is  the claim of plaintiff Neris Gonzalez, who also  brings claims against both defendants for torture (December 26, 1979 and after). Third,  there is the claim of Professor Mauricio, who brings claim against General Vides only for torture (June 13, 1983 and after).

Although  these claims have  been  tried together, each is separate  from the others, and each plaintiff and each defendant  is entitled to have you separately consider each claim as it affects that party.  Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.

## COMMAND RESPONSIBILITY

The plaintiffs seek to impose liability on the defendants under what is called the "doctrine of command responsibility."  This doctrine makes a military commander liable for the acts of his subordinates, even where the commander did not order those acts, when certain elements are proven.

To hold a military commander liable for the acts of another under the doctrine of command responsibility, the plaintiff must prove all of the following elements by a preponderance of the evidence:

6

(1)    The plaintiff was tortured by a member of the military, the security forces, or by someone acting in concert with the military or security forces;

(2)    A superior-subordinate relationship existed between the defendant/military commander and the person(s) who tortured the plaintiff;

(3)    The defendant/military commander knew, or should have known, owing to the circumstances of the time, that his subordinates had committed, were committing, or were about to commit torture and/or extrajudicial killing; and

(4)    The defendant/military commander failed to take all necessary and reasonable measures   to prevent  torture and/or extrajudicial killing, or failed to punish subordinates after they had committed torture and/or extrajudicial killing.

**SUPERIOR-SUBORDINATE RELATIONSHIP (ELEMENT #2)**

To establish the second element, i.e., the existence of a superior-subordinate relationship between the defendant/military commander and the person(s) accused of torturing the plaintiff, the plaintiff must prove, by a preponderance of the evidence, that (1) the defendant/military commander held a higher rank than, or had authority over, the person(s) accused of torturing the plaintiff, and (2) the defendant/military commander had effective control over the person(s) accused of torturing the plaintiff.    Effective control means that   the defendant/military commander had   the actual ability to prevent the torture or to punish the persons accused of committing the torture.   In other words, to establish effective control, a plaintiff must  prove, by a preponderance of the evidence, that the defendant/military commander had the actual ability to control the person(s) accused of torturing the plaintiff.

A person who is not a member of the military or security forces may nonetheless be a subordinate if that person (1) placed himself under the authority of a defendant military commander

7

and (2) the military commander had effective control (as this concept has been defined) over the non-military actor.

A defendant/military commander cannot escape liability where his own action or inaction causes or significantly contributes to a lack of effective control over his subordinates.

Whenever the word "subordinate" is used in these instructions, it refers to a person   who was in a subordinate relationship, as defined above, with a defendant/military commander.


### ACTUAL OR CONSTRUCTIVE (PRESUMED) KNOWLEDGE (ELEMENT #3)

The plaintiff may establish the third element – the "knew or should have known" element – by either one of two ways.  First, by proving, by a preponderance of the evidence,  that the defendant/military commander actually knew that his subordinates had committed, were committing or were about to commit  torture and/or extrajudicial killing   Alternatively, the plaintiff may satisfy this element by proving, by a preponderance of the evidence,  that, in light of the circumstances at the time, the defendant/military commander should have known that his subordinates had committed, were committing or were about  to commit  torture and/or extrajudicial killing.

With respect to this element, the plaintiff does not have to prove that the defendant/military commander knew or should  have  known of  the  plaintiffs'  torture.  Rather, the knowledge element would be satisfied if the plaintiff proved, by a preponderance of the evidence, that the defendant/military commander knew, or should have known, this his subordinates had committed, were committing, or were about to commit, torture and/or extrajudicial killing.

8

## FAILURE TO PREVENT OR PUNISH (ELEMENT #4)

A plaintiff may establish the fourth element by proving, by a preponderance of the evidence, that the defendant/military commander failed to take all necessary and reasonable measures to prevent acts of torture and/or extrajudicial killing  or to punish those responsible for committing acts of torture and/or extrajudicial killing.  Failure to punish may be established by proof that the defendant/military commander failed  to investigate reliable allegations of torture and/or extrajudicial killing by subordinates, or failed to submit  these matters to  competent  authorities for investigation and  prosecution.

## TORTURE

The term "torture" means:

(1)  any act, directed against an individual in the offender's custody or physical control by which severe pain or suffering (other than pain or suffering arising only from or inherent in, or incidental to, lawful sanctions), whether physical or mental, is intentionally inflicted on that individual for such purposes as obtaining from that individual or a third person information or a confession, punishing that individual for an act that individual or a third person has committed or is suspected of having committed, intimidating or coercing that individual or a third person, or for any reason based on discrimination of any kind, and

(2) mental pain or suffering refers to prolonged mental harm caused by or resulting from –

(A)     the intentional infliction or threatened infliction of severe physical pain or suffering;

(B)     the administration or application, or threatened administration or application, of mind altering substances or other procedures calculated to disrupt profoundly the senses

9

or the personality;

(C)     the threat of imminent death; or

(D)     the threat that another individual will imminently be subjected to death, severe physical pain or suffering, or the administration or application of mind altering substances or other procedures calculated to disrupt profoundly the senses or personality.

## EXTRAJUDICIAL KILLING

The term "extrajudicial killing" means a deliberate killing not authorized by a previous judgment pronounced by a regularly constituted court affording all the judicial guarantees which are recognized as indispensable by civilized peoples. This term, however, does not include a killing that, under international law, is lawfully carried out under the authority of a foreign nation.

## DAMAGES

If you find that the plaintiff have proved each of the elements of command responsibility, as I have now outlined, you must then determine the amount of damages.

## COMPENSATORY DAMAGES

In considering the issue of compensatory damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or

increased to penalize the defendant.   Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money, they cover both the mental and physical aspects of injury - tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate the plaintiff for those claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements in determining the amount of compensatory damages, to the extent you find them proved by a preponderance of the evidence:

- Emotional pain and suffering;

- Mental anguish;

- Physical Disfigurement

- Physical Pain

In evaluating these items, you may consider the following factors:

- physical torture, including methods used or abuses suffered;

- mental abuse, including fright and anguish;

- length of time torture endured;

11

- length of detention;

- victim's age or other limiting physical or emotional characteristics

## PUNITIVE DAMAGES

In addition to compensatory damages, you have the discretion to award punitive damages. Unlike compensatory damages, which are imposed to reimburse a plaintiff for his or her injuries, punitive damages are designed to punish a defendant for his wrongful conduct and to deter him and others from committing similar misconduct in the future.

In the context of international law violations, punitive damages may be awarded to punish heinous conduct, and to reinforce the consensus of the community of humankind that horrific abuses will not be tolerated. A punitive award in this context may be made if you find that the defendant's conduct was malicious, wanton, or recklessly or callously indifferent.

In assessing punitive damages, you may consider the following elements:

(1) the reprehensibility of the defendant's conduct;

(2) the nature and extent of harm to plaintiff that the defendant's conduct caused
    or was intended to cause;

(3) the wealth of the defendant.

On the latter element, while you may consider the financial resources of the defendant in fixing an amount of punitive damages, I instruct you that the burden is on the defendant to show that his financial circumstances warrant a limitation of any award.

12

Should you decide to award punitive damages to any plaintiff, in your computations you should determine the amount which is appropriate to punish the defendant for the injuries to the plaintiffs in this lawsuit and to deter others from engaging in similar conduct in the future. There is no exact standard for fixing the amount of punitive damages. Any award you make should be fair in the light of the evidence.

## DUTY TO DELIBERATE

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only

interest is to seek the truth from the evidence in the case.

## ELECTION OF FOREPERSON AND EXPLANATION OF VERDICT FORM(S)

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.