UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 99-8364 CIV-HURLEY

JUAN ROMAGOZA ARCE, NERIS
GONZALEZ, and CARLOS MAURICIO,

    Plaintiffs,

v.

CARLOS EUGENIO VIDES CASANOVA,
MARIA GEMA VIDES MELENDEZ,
MARTA DEL CARMEN VIDES DEMMER,
GERALDO VIDES MELENDEZ, CLARA
MARIA REIGITO, GERALDO DEMMER
a/k/a JUAN CARLOS DEMMER, and
ROBERTO VIDES CASANOVA,

    Defendants.

_____/

**NIGHT BOX FILED**

SEP 1 0 2004

CLERK, USDC / SDFL / WPB

## COMPLAINT FOR FRAUDULENT TRANSFER

Plaintiffs Juan Romagoza Arce, Neris Gonzalez, and Carlos Mauricio (collectively "Plaintiffs") allege as follows:

### PRELIMINARY STATEMENT

1. This complaint is ancillary to the underlying case, which was a civil action for compensatory and punitive damages against Jose Guillermo Garcia and Carlos Eugenio Vides Casanova ("Defendants") for their responsibility for torture.

2. On July 31, 2002, this Court entered Final Judgments in favor of Plaintiffs for a total of $54.6 million. Over $54 million of that judgment remains unsatisfied.

3. Plaintiffs bring this action pursuant to Fla Stat. § 56.29 and the Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101 *et seq* in order to collect monies that were fraudulently transferred to third parties, as well as to seek relief from further flouting of the Court's judgment in this matter.

## JURISDICTION AND VENUE

4. This Court exercised jurisdiction over the underlying claims in this action based on 28 U.S.C. § 1350 (the Alien Tort Claims Act, or "ATCA"), and 28 U.S.C. § 1350 note (the Torture Victim Protection Act or "TVPA"). Venue is proper pursuant to 28 U.S.C. § 1391. This court has ancillary jurisdiction over this claim for fraudulent transfer.

## PARTIES

### *Plaintiffs*

5. Plaintiff Juan Romagaza Arce, a native of El Salvador, is a naturalized citizen of the United States.

6. Plaintiff Neris Gonzalez, a native and citizen of El Salvador, is currently residing as a political asylee in the United States.

7. Plaintiff Carlos Mauricio, a native and citizen of El Salvador, currently resides in the United States as a legal permanent resident.

### *Defendants*

8. On information and belief, General Carlos Eugenio Vides Casanova ("Defendant Vides Casanova") is a native and citizen of El Salvador and a resident of Florida. From approximately October 1979 through April 1983, Defendant Vides Casanova was the Director-General of the National Guard for the Republic of El Salvador. As Director-General of the National Guard,

2

Defendant Vides Casanova was a member of the Salvadoran Military High Command and exercised direct command responsibility over the operations of the Salvadoran National Guard. In or about April 1983, Defendant Vides Casanova was promoted to the position of El Salvador's Minister of Defense. Defendant Vides Casanova entered the United States on or about August 21, 1989.

9. On information and belief, Defendant Maria Gema Vides Melendez was at all times relevant to this complaint a resident of Miami, Florida.

10. On information and belief, Defendant Marta Del Carmen Vides Demmer was at all times relevant to this complaint a resident of Miami, Florida.

11. On information and belief, Defendant Geraldo Vides Melendez was at all times relevant to this complaint a resident of Miami, Florida.

12. On information and belief, Defendant Clara Maria Reigito was at all times relevant to this complaint a resident of Miami, Florida.

13. On information and belief, Defendant Geraldo Demmer, a/k/a Juan Carlos Demmer, was at all times relevant to this complaint a resident of Miami, Florida.

14. On information and belief, Defendant Roberto Vides Casanova was at all times relevant to this complaint a resident of El Salvador.

## CLAIM FOR RELIEF

*(Fraudulent Transfer)*

15. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. This is an action for equitable and other relief pursuant to the Uniform Fraudulent Transfer Act, Fla. Stat § 726.101, *et seq* and pursuant to Fla. Stat. § 56.29.

17. Defendant Vides Casanova and family members, including his three adult children, Defendants Maria Gema Vides Melendez, Marta Del Carmen Vides Demmer and Geraldo Vides Melendez; his son-in-law, Geraldo Demmer, a/k/a Juan Carlos Demmer; his daughter in law, Clara Maria Reigito; and his brother, Roberto Vides Casanova, have engaged in fraudulent acts in furtherance of a fraudulent scheme to transfer his assets out of the reach of Plaintiffs.

18. On May 11, 1999, Plaintiffs filed the Complaint in this matter against Defendants Jose Guillermo Garcia and Carlos Eugenio Vides Casanova.

19. On September 13, 2000, Defendant Carlos Eugenio Vides Casanova transferred $20,000 to Defendant Maria Gema Vides Melendez, his adult daughter, in order to shield those funds from creditors and especially the eventual judgment in this matter.

20. On September 19, 2000, Defendant Carlos Eugenio Vides Casanova transferred $20,000 to Marta Del Carmen Vides Demmer, his adult daughter, in order to shield those funds from creditors and especially the eventual judgment in this matter.

21. On September 19, 2000, Defendant Carlos Eugenio Vides Casanova transferred $59,307.87 to pay off debts owed by Defendant Geraldo Vides Melendez, his adult son, in order to shield those funds from creditors and especially the eventual judgment in this matter.

22. On October 14, 2000, Defendant Carlos Eugenio Vides Casanova transferred $8,500 to Geraldo Vides Melendez, his adult son, in order to shield those funds from creditors and especially the eventual judgment in this matter.

23. On October 15, 2000, Defendant Carlos Eugenio Vides Casanova transferred $9,000 to Clara Maria Reigito, the wife of his adult son, Geraldo Vides Melendez, in order to shield those funds from creditors and especially the eventual judgment in this matter.

24. On October 23, 2000, Defendant Carlos Eugenio Vides Casanova transferred $9,500 to Geraldo, a/k/a Juan Carlos, Demmer, the husband of his adult daughter, Marta Del Carmen Vides Demmer, in order to shield those funds from creditors and especially the eventual judgment in this matter.

25. On October 24, 2000, Defendant Carlos Eugenio Vides Casanova transferred $9,000 to Roberto Vides Casanova, his brother, in order to shield those funds from creditors and especially the eventual judgment in this matter.

26. In or about late October, 2000, Defendant Carlos Eugenio Vides Casanova transferred $6,000 to Roberto Vides Casanova, his brother, in order to shield those funds from creditors and especially the eventual judgment in this matter.

27. All of the above transfers were made without adequate compensation.

30. Defendant Carlos Eugenio Vides Casanova has acted with actual intent to hinder, delay and defraud his creditors by fraudulently transferring assets to insiders without adequate compensation.

31. At all times relevant to this action, Defendant Carlos Eugenio Vides Casanova has been insolvent because the claims and judgment against him for over $54 million far exceed his ability to pay.

32. Plaintiffs lack an adequate remedy at law because, unless the relief sought in this count is granted, Defendant Carlos Eugenio Vides Casanova will have succeeded in fraudulently transferring his assets to insiders.

33. Plaintiffs have a high probability of success on the merits in this action.

34. The transfers of assets to insiders were made with actual intent to hinder, delay or defraud creditors and thus constitute fraudulent transfers in violation of Fla. Stat. § 726.105(1)(a). Further, the debtor did not receive reasonably equivalent value for any of the transfers and intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they become due, and thus the transfers at issue are fraudulent transfers in violation of Fla. Stat. § 726.105(1)(b). Plaintiffs are entitled to relief under Fla. Stat. § 726.108.

35. Because of the special circumstances in this case, in which the Defendant Carlos Eugenio Vides Casanova is liable for a judgment for torture that he has largely avoided, has committed fraud to avoid that judgment, is hiding assets, and is an ongoing risk of flouting the Court's authority, Plaintiffs are entitled to:

   a. appointment of a receiver to take charge of Defendant's assets;

   b. an injunction against further disposition or assignment of property;

   c. discovery into all of Defendants' assets and their disposition;

   d. fees and costs for bringing this action; and

   e. any other relief the circumstances may require.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(a) For appointment of a receiver to take charge of Defendant Carlos Eugenio Vides Casanova's assets;

(b) For an injunction against further disposition of property by Defendant Carlos Eugenio Vides Casanova;

(c) For an order that the fraudulent transfers are void and directing the sheriff to take the transferred property to satisfy the execution;

(d) For discovery into all of Defendants' assets and their disposition; and

(e) For costs and reasonable fees associated with these post-judgment proceedings;

(f) And for any other relief the circumstances may require.

Dated this 13th day of September, 2004.

Respectfully submitted,

JOHN ANDRES THORNTON
(Florida Bar No. 0004820)
9 Island Avenue #2005
Miami Beach, FL 33139
Tel.: (305) 532-6851
Fax: (305) 532-6851

MATTHEW EISENBRANDT
The Center for Justice & Accountability
870 Market Street, Suite 684
San Francisco, CA 94102
Tel: (415) 544-0444
Fax: (415) 544-0456

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 14th day of September, 2004 to: Kurt Klaus, Esq., Law Offices of Kurt R. Klaus, Jr., 3191 Coral Way, Suite 402-A, Miami, FL 33145.

John Andrés Thornton