Filed by ___ D.C.
ELECTRONIC

Jan 14 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 99-8364 CIV-HURLEY

JUAN ROMAGOZA ARCE, NERIS
GONZALEZ, and CARLOS MAURICIO,

    Plaintiffs,

v.

JOSE GUILLERMO GARCIA and CARLOS
EUGENIO VIDES CASANOVA,

    Defendants.

_____/

## MOTION FOR EXPEDITED RULING ON THE PREVIOUSLY FILED MOTION FOR PROCEEDINGS SUPPLEMENTARY AND FOR LEAVE TO FILE COMPLAINT FOR FRAUDULENT TRANSFER

Plaintiffs Juan Romagoza Arce, Neris Gonzalez, and Carlos Mauricio (collectively "Plaintiffs/Judgment Creditors" or "Plaintiffs"), by and through undersigned counsel, file their Motion for Expedited Ruling on the Previously Filed Motion for Proceedings Supplementary and For Leave to File Complaint for Fraudulent Transfer Impleading Third Party Defendants and as grounds therefore state:

### INTRODUCTION

Plaintiffs, who hold a $54.6 million judgment for torture that remains unsatisfied, learned that the Defendant has engaged in fraudulent transfers and is hiding assets.

Plaintiffs therefore filed the above-mentioned motion on September 14, 2004. A key aspect of the relief that Plaintiffs sought was to put Defendant Vides Casanova on the witness stand to have

1

314/cj

him answer, under fear of being held in contempt of court, a question that he sidestepped in a post-judgment deposition—specifically: what is the source of $130,000 in self-declared "*passive*" income that Vides Casanova earned in the single year prior to the filing of this action.

Four months have passed since the filing of the Motions For Proceeding Supplementary and For Leave to File Complaint for Fraudulent Transfer Impleading Third Party Defendants.

Impending events compel this request. Specifically, Defendants face deportation due to their status as human rights abusers. A copy of a January 5, 2005 newspaper article identifying Defendants Vides Casanova and Garcia as possible "next targets" for deportation under a newly-signed law and quoting an Immigration and Customs Enforcement official is attached hereto as Exhibit "A". If Vides Casanova is detained, this Court's ability to threaten him with contempt will disappear; once he is deported, this Court's ability to compel his appearance will likely also disappear.

## MEMORANDUM OF LAW

Rule 69, Federal Rules of Civil Procedure, states:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

See Fed. R. Civ. P. 69. As no statute of the United States governs, this Court should apply the Florida law on the issue, which includes Fla. Stat. § 56.29 concerning proceedings supplementary as well as fraudulent transfers; and Fla. Stat. § 726.101 *et seq* concerning fraudulent transfers specifically. See e.g. MCI Telecommunications Corporation v. O'Brien, 913 F. Supp. 1536 (S.D. Fla. 1995)(citing Rule 69(a) as calling for the application of Fla. Stat. § 56.29 in proceedings supplementary).

When the plaintiff moves the Court, as Plaintiffs have here, for proceedings supplementary,

2

"the court *shall* require the defendant in execution to appear before it or a master at a time and place specified by the order in the county of the defendant's residence to be examined concerning his or her property." Fla. Stat. § 56.29(2)(emphasis added).

Plaintiffs fear that if this Court does not act quickly and compel Defendant Vides Casanova to testify in court, it will lose its ability to either compel him to appear or compel an answer by him.

Defendant Vides Casanova could succeed in flouting the authority of this Court; the entire legal process that this Court conducted could be rendered less meaningful; and, in the end, justice could be compromised in this case.

## CONCLUSION

Respectfully, Plaintiffs request that this Court rule on its pending Motion for Proceedings Supplementary and For Leave to File Complaint for Fraudulent Transfer Impleading Third Party Defendants and especially to order Defendant Vides Casanova to appear before it or a master at a time and place specified to be examined about his assets under threat of contempt without delay.

Dated this 14th day of January, 2005.

Respectfully submitted,

s/ John Andres Thornton
JOHN ANDRES THORNTON
(Florida Bar No. 0004820)
9 Island Avenue #2005
Miami Beach, FL 33139
Tel.: (305) 532-6851
Fax: (305) 538-1070
Email: johnandresthornton@hotmail.com

MATTHEW EISENBRANDT
The Center for Justice & Accountability
870 Market Street, Suite 684

4

        San Francisco, CA 94102
        Tel: (415) 544-0444
        Fax: (415) 544-0456

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 14th day of January, 2005 to: Kurt Klaus, Esq., Law Offices of Kurt R. Klaus, Jr., 3191 Coral Way, Suite 402-A, Miami, FL 33145.

      s/_John Andres Thornton_____
      John Andres Thornton

4

## Miami Herald, The (FL)

January 5, 2005
**Section:** Front
**Edition:** Final
**Page:** 6A

### RIGHTS-ABUSE SUSPECT TARGETED FOR DEPORTATION

*ALFONSO CHARDY, achardy@herald.com*

Federal agents in Atlanta on Tuesday arrested a prominent Ethiopian human-rights abuse suspect and put him in deportation proceedings, for the first time using legal powers granted under a newly signed intelligence-reform law.

Kelbessa Negewo, 54, was not put in removal proceedings before President Bush signed the law Dec. 17 partly because it would have been more difficult to prove he was deportable under previous law - though he agreed to give up his U.S. citizenship in October on the eve of a trial to revoke it.

The new law broadened the arrest powers of the immigration service, adding that evidence that a foreign national tortured or killed someone for political reasons is grounds for deportation. A federal official has said agents are looking at several foreign nationals in Florida for possible removal, including two former Salvadoran generals.

The arrest marked the first time federal officials used new powers under the Intelligence Reform and Terrorism Prevention Act of 2004.

``Today's arrest marks a new chapter in ICE's long-

standing efforts to arrest, prosecute and remove human-rights violators from the United States,'' said Michael J. Garcia, Homeland Security's assistant secretary for U.S. Immigration and Customs Enforcement, whose agents arrested Negewo. ``With the expanded authorities under the intelligence reform act, ICE has a powerful new tool to deny these egregious criminals a safe haven in this country. Human rights violators are not welcome here.''

Negewo's attorney, John Matteson, said his client is innocent and called the arrest a government effort to showcase the new law.

``It's good theater,'' he said.

Richard Krieger, a Boynton Beach-based human-rights activist who for years pressured immigration to arrest Negewo, said authorities should have acted earlier.

A statement from Immigration and Customs Enforcement said Negewo served as ``chairman of Higher Zone 9,'' a government unit accused of torturing and

summarily executing foes of the Ethiopian government, led at the time by a Marxist dictator.

``Negewo was responsible for having numerous innocent civilians, mostly students, incarcerated, tortured, and subsequently executed by firing squad,'' the Immigration and Customs Enforcement statement said.

``In some instances, Negewo and his guards forced women to undress, then bound their arms and legs together before hanging them from poles for severe beatings, according to U.S. records.''

Immigration and Customs Enforcement officials would not identify the next targets, but an administration official said last month two former Salvadoran generals in Florida - Carlos Eugenio Vides Casanova and José Guillermo García - could be placed in proceedings in the future.

Vides Casanova, former head of the national guard, lives in Palm Coast near Daytona Beach. García, a former defense minister, lives in Plantation in Broward.

In 2002, a federal jury in West Palm Beach ordered the ex-generals to pay $54.6 million to three torture victims on grounds the two took no action to punish subordinates' abuses. They deny the allegations.

Copyright (c) 2005 The Miami Herald